IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEVIN SCHRADER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. **11-2124-SAC** |
| ) | |
| TEAGUE ELECTRIC CONSTRUCTION, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S FIRST AMENDED PETITION**

COMES NOW Plaintiff Kevin Schrader (hereinafter "Plaintiff"), by and through his attorney of record, Jeffrey F. Dasenbrock of The Nicholson Law Office, L.C., and files this, Plaintiff's First Amended Petition, and for his causes of action against the Defendant states as follows:

**PLAINTIFF'S CAUSES OF ACTION**

1. Plaintiff is an individual and has resided at 18972 Kansas Highway 7, City of LaCygne, County of Miami, State of Kansas, at all times pertinent hereto.

2. Defendant Teague Electric Construction, Inc. (hereinafter "Defendant") is a corporation duly organized and licensed to do business in the State of Kansas. Defendant has its principal place of business at 12425 West 92nd Street, City of Lenexa, County of Johnson, State of Kansas, and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

1

3. At the time of the incidents relevant hereto, Plaintiff was employed by Defendant as an Electrician at Defendant's principal place of business, located at 12425 West 92nd Street, Lenexa, Kansas 66215.

4. Plaintiff had worked for Defendant since approximately May 2003, and Plaintiff had worked for more than 1,250 hours in the 12 months preceding his request for medical leave.

5. Jurisdiction and venue are therefore proper in this Court.

6. On or about November 21, 2008, while Plaintiff was employed by Defendant, Plaintiff's physician Dr. Jay Murphy, M.D., F.A.C.C., of Cardiology Services, informed Plaintiff that he suffered from a serious heart condition and consequently needed to undergo emergency open heart surgery.

7. On or around that same date, Plaintiff formally requested to take protected leave from his job pursuant to the Family and Medical Leave Act ("FMLA"), filing the necessary paperwork with Defendant.

8. Defendant approved Plaintiff's request for FMLA leave immediately thereafter.

9. Plaintiff then underwent open heart surgery (6-valve bypass) on November 24, 2008.

10. The results of this surgery incapacitated Plaintiff to the extent that he was unable to perform the essential functions of his position and other normal daily activities, such as cooking, cleaning, driving, and caring for his children. This incapacity lasted until February 16, 2009, the date on which Plaintiff's physician cleared him to return to work.

11. On or around Sunday, February 15, 2009, the day before Plaintiff was scheduled to return to work pursuant to his physician's clearance, Plaintiff's supervisor Don Klam

left a voicemail on Plaintiff's cell phone terminating Plaintiff's employment with Defendant. Because Plaintiff does not receive cell phone reception at his rural residence, he did not receive this voicemail until Monday, February 16, 2009, while he was driving to work for his first day back after taking FMLA leave.

12. Defendant never provided Plaintiff with an explanation for his termination, whether written or verbal.

13. Plaintiff alleges and asserts that his termination was unlawful pursuant to § 115 of the Family and Medical Leave Act of 1993, codified at 29 U.S.C.A. § 2615. Plaintiff's termination was in violation of Plaintiff's protected medical leave rights under the FMLA.

14. Plaintiff further alleges and asserts that his termination was unlawful because it was strongly against public policy in the State of Kansas.

## DEMAND FOR JURY TRIAL

15. Pursuant to Plaintiff's right under Kansas law, Plaintiff hereby demands a jury trial on the issues contained in Plaintiff's First Amended Petition.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

    i.    Statutory damages in the amount of at least ($64,912.00) for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii), as well as any damages Plaintiff is entitled to under Kansas common law.

ii. Additional liquidated damages in the amount of the above-requested award (i.e., $64,912.00) pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii), as well as any damages Plaintiff is entitled to under Kansas common law.

iii. Equitable relief in the form of reinstatement or front pay, as the Court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B), as well as any damages Plaintiff is entitled to under Kansas common law.

iv. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), as well as any damages Plaintiff is entitled to under Kansas common law.

v. Such other relief as this Court may deem just and proper.

**Respectfully Submitted:**

**NICHOLSON LAW OFFICE, L.C.**

By: /s/ Jeffrey F. Dasenbrock
Jeffrey F. Dasenbrock
KS Bar No. 24459
26 W. Peoria, P.O. Box 407
Paola, Kansas 66071
Telephone: (913) 294-4512
Facsimile: (913) 294-2540
jfd@nicklawpaola.com
Attorneys for Plaintiff
Kevin Schrader

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Plaintiff's First Amended Petition was served by facsimile transmission and also by depositing the same in the United States Mail, postage prepaid, this _____ day of April, 2011, addressed to the following:

>Julia D. Kitsmiller
>Seyferth, Blumenthal & Harris, L.L.C.
>300 Wyandotte, Suite 430
>Kansas City, Missouri 64105
>Fax: (816) 756-3700
>Attorneys for Defendant
>Teague Electric Construction, Inc.

>\_\_\_/s/ Jeffrey F. Dasenbrock\_\_\_\_
>Jeffrey F. Dasenbrock